UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS EDWARD KRIESEL, JR.,

Defendant.

Case No. CR03-5258RBL

ORDER

THIS MATTER is before the Court on Defendant's Motion to Return Property [Dkt. #32]. Having considered the entirety of the records and file herein, and having considered that oral argument is not necessary to resolve the motion, the Court finds and rules as follows:

## I. BACKGROUND

Thomas Edward Kriesel, Jr., ("Kriesel" or "Defendant"), a former federal supervised releasee, previously challenged the constitutionality of the Justice For All Act, Pub. L. No. 108-405, 118 Stat. 2260 (2004) which amended the DNA Analysis Backlog Elimination Act, Pub. L. No. 106-546, 114 Stat. 2726 (2000). This Court ruled that the 2004 Act conformed to the requirements of the Fourth Amendment, and directed that Kriesel provide a sample to his United States Probation Officer for DNA testing.[1] The Order was upheld on appeal.[2] Kriesel now seeks the return of his DNA sample and the removal of any

---

[1] See docket number 18, also reported at *United States v. Kriesel*, 416 F.Supp.2d 1037 (W.D. Wash. 2006).

[2] *United States v. Kriesel*, 508 F.3d 941 (9th Cir. 2007).

1  information from it entered into the Federal Bureau of Investigation's Combined DNA Index System

2  ("CODIS").

3                                          **II. DISCUSSION** [3]

4       The genesis of the motion before the Court comes from the Ninth Circuit's musings in their prior

5  decision in this case. In discussing the nature of Kriesel's privacy interests for purposes of the Fourth

6  Amendment analysis, the Court stated:

7           Nor do we have before us "a petitioner who has fully paid his or her debt to
           society, who has completely served his or her term, and who has left the penal
8           system . . . . Once those previously on supervised release have wholly cleared
           their debt to society, the question may be raised, 'Should the CODIS entry be
9           erased?'"

10 *Kriesel*, 508 F.3d at 949 *(*quoting *United States v. Kincade*, 379 F.3d 813, 841 (9th Cir. 2004) (en banc)

11 (Gould, J., concurring in the judgment)). The *Kincade* Court upheld the constitutionality of the 2000

12 DNA Act.

13      Although Defendant does not specifically argue that the retention of his DNA sample and entry in

14 the CODIS database violates the Fourth Amendment, the current motion is based on his previous motion

15 which specifically challenged the collection of his DNA on Fourth Amendment grounds. "The

16 touchstone of the Fourth Amendment is reasonableness." *Samson v. California*, 547 U.S. 843, 855 n. 4

17 (2006). In cases discussing challenges to DNA collection, the Ninth Circuit has adopted the general

18 Fourth Amendment approach which examines the totality of the circumstances to determine whether a

19 search is reasonable. *Kriesel*, 508 F.3d at 947 (internal quotation marks and citations omitted). Thus, the

20 Court must balance Kriesel's privacy rights with the governmental interests at stake. *Id*. (for a Fourth

21 Amendment reasonableness analysis the Court must assess the degree to which the search intrudes on an

22 individual's privacy with the degree to which the search is needed to promote legitimate governmental

23 interests); *see also Kincade*, 379 F.3d at 842 (Gould, J., concurring in the judgment) (when a felon is no

24 longer on supervision and seeks the return of his DNA sample, the Court "would presumably need to

25 weigh society's benefit from the retention of the DNA records of a felon against the person's right, in a

26

27      [3]The Government challenges Defendant's choice of Fed. R. Crim. P. 41(g) as the vehicle to obtain the return of his DNA
    sample and argues that relief is not available because the custodian of the sample, the FBI, is not properly before the Court. Fed.
28 R. Crim. P. 41(g) is a proper vehicle to present the issue to the Court, and because of the Court's ruling, it need not address whether
    or not the FBI is the proper party.

classical sense, to privacy.").

The Court is now faced with answering the question the Ninth Circuit left unanswered in *Kincade* and *Kriesel*: Should the DNA sample be returned to, and the CODIS entry be erased for, a felon who is no longer on supervised release?

**A.      Kriesel's Privacy Interest**

As a convicted felon who has wholly paid his debt to society, Kriesel's privacy interests are somewhat more enhanced than those of a defendant who is still in custody or on supervised release, but less than those who have never been convicted. *See Green v. Berge*, 354 F.3d 675, 679-80 (7th Cir. 2004) (Easterbrooke, J., concurring) ("[f]elons whose terms have expired" are in a different category than supervised releasees for purposes of a Fourth Amendment analysis and are subject to lawful intrusions and restrictions that those who have not been previously convicted are not); *Johnson v. Quander*, 370 F. Supp. 2d 79, 104 (D.D.C. 2005) ("although individuals convicted of a predicate offense have an enhanced privacy interest in their identifying information after the termination of their sentences, that interest is not totally restored (and is certainly not at the same level as someone who has never been convicted of such offense)").

In *Johnson*, the District Court was faced with this same issue except that Johnson was seeking the return of his sample under the 2000 DNA Act and the District of Columbia's implementation of the statute. The Court indicated that while a probationer has a "substantially diminished privacy interest" and has lost "any legitimate expectation of privacy in the identifying information derived from blood sampling," *Johnson*, 370 F. Supp. 2d at 102 (quoting *Rise v. Oregon*, 59 F.3d 1556, 1560 (9th Cir. 1995), *overruled on other grounds, City of Indianapolis v. Edmond*, 531 U.S. 32 (2000) and *Ferguson v. City of Charleston*, 532 U.S. 67 (2001)) once the felon is no longer on supervision, "the diminished privacy interest, is to some extent, reclaimed." *Id*., at 102-103. The Court found that the felon who has paid his debt to society "does not regain in full[] the privacy rights possessed by an individual who has never been convicted of a predicate offense." *Id*., at 103. In support of the conclusion that felons in this category have a reduced expectation of privacy in their identifying information, the Court cited as examples the collection and retention of fingerprints and statutes which require sex offenders to register with local authorities. *Id*. Fingerprints of those arrested are routinely stored in law enforcement databases and are

1  not expunged after a person is convicted and has paid their debt to society.  Similarly, statutes throughout

2  this country require sex offenders to continue to register even after they have completed their supervision.

3  When registering, a convicted sex offender may be required to supply various identifying information

4  such as his name, aliases, date of birth, height, weight, address, etc.  Recognizing as did the *Johnson*

5  Court, that fingerprints and DNA identifying information are not identical, this Court agrees with the

6  Court in *Johnson* that felons who are no longer on any type of supervised release have a somewhat

7  reduced privacy interest in their identifying information.

8  **B.     Governmental Interests.**

9  The Ninth Circuit in *Kriesel* and *Kincade*, and other courts in other cases, identified three

10  "undeniably compelling" and "monumental" governmental interests justifying the collection of DNA

11  from convicted felons.  *Kriesel*, 508 F.3d at 949 *(*citing *Kincade*, 379 F.3d at 838-39).  First, "compulsory

12  DNA profiling serves society's interest in ensuring that releasees comply with the conditions of their

13  release."  *Id*.  Second, the DNA profiling serves as a deterrent to future crimes and "fosters society's

14  interest in reducing recidivism."  *Id*.  And, third, "collecting the DNA of offenders contributes to the

15  solution of past crimes."  *Id*.  Because Kriesel is no longer on supervision, the first interest is not present.

16  Society's interest in deterrence and solving past crimes, however, remains compelling.

17  On balance, the government's "undeniably compelling" and "monumental"  interests in deterring

18  future crimes and solving past crimes outweigh Kriesel's diminished privacy interest in his identifying

19  information even after his supervision has ended.  The retention of his DNA sample and information

20  derived therefrom in the CODIS database is not unreasonable and does not violate the Fourth

21  Amendment.

22  Defendant's Motion to Return Property [Dkt. #32] is **DENIED.**

23  **IT IS SO ORDERED.**

24  Dated this 10th day of April, 2009.

25

26  RONALD B. LEIGHTON

27  UNITED STATES DISTRICT JUDGE

28